# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number:

Filing Date: January 10, 2019

**No. A-1-CA-35944**

**CITY OF SANTA FE ex rel.**
**SANTA FE POLICE DEPARTMENT,**

 Petitioner-Appellant,

v.

**ONE (1) 1989 BLACK SAAB SEDAN**
**V.I.N. Y53AT76LXK7020541**
**NEW MEXICO LICENSE NO. 312TNC,**

 Respondent,

and

**ROBERT H. BOULANGER,**

 Claimant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Judge**

Kelley Brennan, City Attorney
R. Alfred Walker, Assistant City Attorney
Michael Prinz, Assistant City Attorney
Santa Fe, NM

for Appellant

Robert H. Boulanger
New Orleans, LA

Pro Se Appellee

# OPINION

**VARGAS, Judge.**

{1}     The City of Santa Fe (the City) appeals the district court's order directing the return, upon stated conditions, of Robert Boulanger's (Claimant) car, which was seized pursuant to the City's forfeiture ordinance, Santa Fe, N.M., Code § 24-9 SFCC 1987 (1993, amended 2012) (Santa Fe Ordinance). This appeal requires us to determine whether the New Mexico Forfeiture Act (NMFA), NMSA 1978, §§ 31-27-1 to -11 (2002, as amended through 2015), preempts the Santa Fe Ordinance. Consistent with this Court's recent holding in *Espinoza v. City of Albuquerque*, ___-NMCA-___, ___ P.3d ___ (No. A-1-CA-35908, Dec. 5, 2018), we conclude that it does and therefore vacate the district court's judgment and remand the matter to the district court with instructions to dismiss the City's forfeiture petition and unconditionally order the return of Claimant's vehicle.

## BACKGROUND

{2}     On April 22, 2016, law enforcement officials stopped Claimant for a traffic violation. The Santa Fe Police Department took custody of the car pursuant to the Santa Fe Ordinance, after determining that at the time Claimant was driving the car, his driver's license was revoked or denied as a result of a prior DWI arrest or conviction. Claimant sought a hearing on the forfeiture matter, and following a hearing on the merits, the district court ordered the return of Claimant's vehicle

pursuant to the "safe harbor" provision of the Santa Fe Ordinance. *See* Santa Fe, N.M., Code § 24-9.6. The City appealed, and in assigning the case to the general calendar, this Court sought briefing from the parties regarding "the preemptive effect, if any, of the amendment to the [NMFA], to prohibit civil forfeiture."

**DISCUSSION**

**A.    The NMFA Preempts the Ordinance**

{3}    The City recognizes in its brief that the preemption issue in this case is the same as the one addressed by this Court in *Espinoza*, ___-NMCA-___, ¶ 3, ___ P.3d ___. In *Espinoza*, we characterized the NMFA as a general law that "applies generally throughout the state, relates to a matter of statewide concern, and impacts everyone across the entire state." *Id.* ¶ 17. We then compared the ordinance at issue therein, the Albuquerque, N.M. Rev. Ordinance ch. 7, art VI, § 7-6-1 to -7 (1992, as amended through 2017) (Albuquerque Ordinance), which purports to allow for *civil* forfeiture, with the NMFA, which was created to "*make uniform* the standards and procedures for the seizure and forfeiture of property subject to forfeiture" and "ensure that *only* criminal forfeiture is allowed in this state." *Id.* ¶ 19 (quoting Section 31-27-2(A)(1), (6)) (emphasis added). We concluded that the Albuquerque Ordinance circumvented the NMFA, since the ordinance by its terms allowed the municipality "to accomplish precisely what the Legislature intended the NMFA to eliminate: *civil* forfeiture." *Id.* In fact, after highlighting the substantive and

procedural differences between the NMFA and the Albuquerque Ordinance—conviction as a prerequisite to forfeiture, the availability of replevin hearings, allocation of the burden of proof, and the ability to contest the outcome of the proceedings—we concluded that the Albuquerque Ordinance was "so inconsistent with the terms of the NMFA that the NMFA is the equivalent of an express denial of the [municipality's] authority to enforce the [Albuquerque] Ordinance." *Id.* ¶ 24. At the heart of our conclusion in *Espinoza* was the fact that, while the NMFA "constrains the circumstances under which a person's property may be subject to permanent forfeiture," the Albuquerque Ordinance "simply—and far more strictly—deems the property associated with the named conduct forfeitable without further consideration." *Id*. We therefore held that the NMFA preempted the Albuquerque Ordinance "because the enforcement of the [Albuquerque] Ordinance frustrates, and, in fact, completely contradicts the Legislature's intent in amending the NMFA." *Id.* ¶ 31; *see ACLU v. City of Albuquerque*, 1999-NMSC-044, ¶ 13, 128 N.M. 315, 992 P.2d 866 (analyzing the preemption issue using the explicitly articulated purposes of the general law to determine whether the local law circumvents and thereby frustrates legislative intent in enacting the statute).

{4}     Our task in this case, in light of *Espinoza*, is to determine whether the Santa Fe Ordinance suffers from the same fatal flaws as the Albuquerque Ordinance at issue in *Espinoza*, rendering it unenforceable, or whether it is sufficiently

3

distinguishable to render *Espinoza*'s reasoning inapplicable. Given the substantial similarities between the two ordinances, as well as the City's acknowledgement that the Santa Fe Ordinance at issue here is based on the Albuquerque Ordinance that was subject to preemption in *Espinoza*, we conclude *Espinoza* applies here and the Santa Fe Ordinance is preempted by the NMFA.

{5}     The Santa Fe Ordinance, like the Albuquerque Ordinance, is framed as a motor vehicle nuisance abatement tool aimed at reducing the risk of bodily injury, loss of life, and property damage generally associated with the use of motor vehicles in DWI. *See* Santa Fe, N.M., Code § 24-9.2; Albuquerque, N.M. Rev. Ordinance ch. 7, art VI, § 7-6-1 (recognizing that DWI presents a potential risk of "serious bodily injury and loss of life and property"). Both ordinances define as public nuisances the operation of motor vehicles by a person in the commission of a DWI offense or by a person whose license has been suspended or revoked as a result of a DWI arrest. *See* Santa Fe, N.M., Code § 24-9.3 (identifying motor vehicle as public nuisance if "[o]perated by a person who is arrested for a DWI offense" or "[o]perated by a person whose license is currently revoked or denied as a result of a DWI arrest or conviction"); Albuquerque, N.M. Rev. Ordinance ch. 7, art VI, § 7-6-2 (identifying motor vehicle as nuisance if "[o]perated by a person in the commission of a DWI offense" or if "[o]perated by a person whose license is suspended or revoked as a result of conviction for driving while intoxicated"). Like

4

the Albuquerque Ordinance, the Santa Fe Ordinance allows for the seizure of the vehicle of a person who is arrested—but not convicted—of DWI, provides that the vehicle shall not be subject to replevin, and requires that the owner of the property carry the burden of proof—a burden which is distinct from that stated in the NMFA. *See* Santa Fe, N.M. Code § 24-9.5(B), (C), (E); § 24-9.7(A); Albuquerque, N.M. Rev. Ordinance ch. 7, art VI, § 7-6-5(B), (C), (D); Albuquerque, N.M. Rev. Ordinance ch. 7, art VI, § 7-6-7; *see also Espinoza*, ___-NMCA-___, ¶¶ 20-23. In all, the Santa Fe Ordinance is marred by the same features that the *Espinoza* court pointed as a basis for preemption in analyzing the Albuquerque Ordinance.

{6} As was the case in *Espinoza*, the City argues that the distinction between criminal and civil forfeiture renders the purpose of the NMFA different from that of the Santa Fe Ordinance and that the application of the NMFA is limited, based on the absence of an explicit provision incorporating the NMFA into the Santa Fe Ordinance. We flatly rejected both arguments in *Espinoza*. The municipality in *Espinoza*, like the City here, argued that because the Albuquerque Ordinance did not contain "language expressly providing that the NMFA applies," the NMFA could not preempt the Albuquerque Ordinance. *Espinoza*, ___-NMCA-___, ¶ 27. As we noted in *Espinoza*, such an approach "subverts the NMFA's clearly stated purpose" of ensuring that only criminal forfeiture exists in New Mexico; "[t]he

5

inferior of two governing bodies . . . cannot exempt itself from the application of the sovereign's laws." *Id.* ¶¶ 28-29.

{7}    In light of the substantial similarities between the two forfeiture ordinances, and the considerable overlap between the legal questions and arguments at issue in *Espinoza* and in this case, we find no reasoned basis to depart from the analysis and conclusion of *Espinoza*. We therefore hold that the NMFA denies the City authority to seize and forfeit property under the Santa Fe Ordinance because the enforcement of the Santa Fe Ordinance not only frustrates, but contradicts, the Legislature's intent in enacting the NMFA. Given this conclusion, we have no occasion to address the remaining issue raised by the City on appeal.

**CONCLUSION**

{8}    The judgment of the district court applying the provisions of the Santa Fe Ordinance is vacated and the matter is remanded to the district court with instructions to dismiss the City's petition and order the unconditional return of Claimant's vehicle.

{9}    **IT IS SO ORDERED.**

_____
**JULIE J. VARGAS, Judge**

6

**WE CONCUR:**

_____

**J. MILES HANISEE, Judge**

_____

**DANIEL J. GALLEGOS, Judge Pro Tempore**